IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                          Crim. No. 18-2311 KG

FRANCISCO JAVIER PALILLERO,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon Defendant's Motion for New Trial, filed December 18, 2018. (Doc. 96). Plaintiff United States filed an amended response on January 23, 2019. (Doc. 101). Having considered the Motion for New Trial and the amended response, the Court denies the Motion for New Trial.

     Defendant argues that the Court should grant him a new trial because his Sixth Amendment right to an impartial jury was violated by having a biased juror, Juror 12 (the jury foreman) sit on the jury.[1] Defendant seeks an evidentiary hearing in connection with this Motion for New Trial.

*A. Request for Evidentiary Hearing*

     A court confronted with a juror bias claim "'has wide discretion in deciding how to proceed' and appropriately denies a hearing when a party presents 'only thin allegations of jury misconduct.'" *United States v. Brooks*, 569 F.3d 1284, 1288 (10th Cir. 2009) (quoting *United States v. Easter,* 981 F.2d 1549, 1553 (10th Cir.1992) (quotations omitted)). A court is not required to hold a hearing "when it would not be 'useful or necessary' in determining whether a

---

[1] Juror 12 was Prospective Juror 41during the *voir dire* examination.

defendant's rights were violated." *Id.* (citation and quotations omitted). For instance, a litigant "is not entitled to a merely exploratory hearing." *Kissell v. Westinghouse Elec. Corp., Elevator Div.*, 367 F.2d 375, 376 (1st Cir. 1966).

As described below, Defendant has presented "only thin allegations of jury misconduct." Moreover, Defendant has not specified how an evidentiary hearing would be useful or necessary to the issues in his Motion for New Trial. Defendant's request for an evidentiary hearing is more like a request for an improper "exploratory hearing." For these reasons, the Court denies Defendant's request for an evidentiary hearing.

*B. Request for New Trial*

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33…." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). Notably, "[a] motion for a new trial is not viewed with favor and should be granted with great caution." *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir. 1993).

*1. The McDonough Test*

Defendant argues, specifically, that Juror 12 "purposefully concealed his true beliefs from this Court" during the *voir dire* examination. (Doc. 96) at 6. "[T]o obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Having reviewed the evidence presented by Defendant, (Doc. 96-1), as well as the transcript of the *voir dire* examination, (Doc. 99), the Court finds that Defendant has not carried

2

his burden of demonstrating that Juror 12 "failed to answer honestly a material question on *voir dire*." As such, Defendant is not entitled to a new trial under the *McDonough* test.

 2. *Actual and Implied Bias*

 In the alternative to showing juror bias under the *McDonough* test, a defendant has a "broader historic right to prove actual or implied juror bias." *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 516 (10th Cir. 1998). "Actual bias can be shown by the express admission of the juror." *Id.* In other words, "actual bias is 'based upon express proof, e.g., ... admission by the prospective juror of a state of mind prejudicial to a party's interest.'" *Id.* at 517 (quoting *United States v. Haynes,* 398 F.2d 980, 984 (2d Cir.1968)). Here, neither the evidence provided by Defendant nor the *voir dire* examination transcript show that Juror 12 expressly admitted that he could not fairly and impartially judge the case. Defendant, thus, has failed to carry his burden of demonstrating actual bias by Juror 12.

 "[A] finding of implied bias 'is appropriate where the juror, although she believes that she can be impartial, is so closely connected to the circumstances at issue in the trial that bias is presumed.'" *United States v. Powell*, 226 F.3d 1181, 1188 (10th Cir. 2000) (citation omitted). This is a high threshold and a finding of implied bias "'must be *reserved for those extreme and exceptional circumstances* that leave [a] serious question whether the trial court subjected the defendant to manifestly unjust procedures resulting in a miscarriage of justice.'" *Id.* (citation omitted). "The crux of the implied bias analysis in a case like this one is found in an examination of the similarities between the juror's experiences and the incident giving rise to the trial." *Gonzales v. Thomas*, 99 F.3d 978, 989 (10th Cir. 1996).

 Although the evidence presented by Defendant shows that Juror 12 has opinions regarding sexual assault issues, as most people do, Defendant has not shown that Juror 12's

personal experiences are so similar to the case at hand that bias can be presumed.  Defendant has simply not met the high threshold for demonstrating implied bias on the part of Juror 12.

In sum, Defendant has not carried his burden of showing that "the interest of justice" requires a new trial under Rule 33(a).

IT IS ORDERED that Defendant's Motion for New Trial (Doc. 96) is denied.

UNITED STATES DISTRICT JUDGE